**EXHIBIT "A"**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA
**SUV2021000124**

**OCT 29, 2021 10:25 AM**

*Mandy Harrison*
Mandy Harrison, Clerk
Mcintosh County, Georgia

IN THE SUPERIOR COURT OF MCINTOSH COUNTY

STATE OF GEORGIA

In re: THE MCINTOSH COUNTY BOARD OF TAX ASSESSORS
Tom Gore, Chairman
Charles "Art" Crews, Vice Chairman
Ronald Williams
John Vernon
Eunice Moore

Civil Action No.

O.C.G.A. SECTION 48-5-295(b) PETITION FOR JUDICIAL RECOMMENDATION
PERTAINING TO THE POTENTIAL REMOVAL

COMES NOW the McIntosh County Board of Commissioners, by and through their

attorney, Adam S. Poppell, III, filing this their petition pursuant to O.C.G.A. Section 48-5-295(b),

and further shows the following:

1. O.C.G.A. Section 48-5-295(b) provides, in part: "No member of the board... whose
   removal is attempted based on this subsection may be removed by the county governing
   authority during such member's term of appointment until the member has been afforded
   an opportunity for a hearing before the judge of the superior court of the county for
   recommendations by the judge of the superior court to the county governing authority
   regarding such removal." This petition is filed in accordance with that provision to allow
   the county governing authority and the Board of Assessors members the benefit of
   recommendations from the court before removal is considered.

2. Tom Gore, Charles "Art" Crews, Ronald Williams, John Vernon and Eunice Moore are the
   duly appointed members of the McIntosh County Board of Tax Assessors;

3. The McIntosh County Board of Commissioners met in open session at a special called meeting of the Board held on Tuesday, September 28, 2021 at 9:00 a.m. in the main meeting room of the McIntosh County Board of Education, located at 1100 C. A. DeVillars Road, Darien, Georgia to consider a resolution of the Board concerning the behaviors of the Board of Assessors and their statutory and supervisory roles in the appraisal process;

4. During that meeting, evidence, including signed affidavits, were presented outlining the information received by the County Manager (J. Patrick Zoucks) and staff.  Specifically, affidavits of Ms. Cindy Button and Ms. Melissa Williams were distributed. Copies of those affidavits are attached hereto and labeled "Exhibit A" and "Exhibit B," respectively;

The Uniformity Issue

5. The information provided by Ms. Cindy Button, (which started the entire matter) led to the discovery of the taxpayer retribution issue in which taxpayer James Manning was dealt with inappropriately.  Specifically, the taxpayer or his wife, contacted the McIntosh County Tax Assessors' Office to discuss their assessment.  As detailed in paragraph number four (4) of the Affidavit of Melissa Anne Williams (Exhibit "B"), the Chief Appraiser told staff to review the assessed property and add additional value to the assessment of Tract Number 0040 0001.  "The values that he instructed staff to add had never been affixed to campgrounds before. When I confronted him with that fact, he replied 'we do now.' I addressed the issue that no other campground in McIntosh County had this valuation and it needed to be changed or corrected on multiple occasions." – Ms. Melissa Williams.  A copy of the qPublic information, available to the public, indicates that the adding value totaled $55,000.00. A copy of the qPublic page is attached and labeled "Exhibit C." Chief Appraiser Keith Payne admitted in his statements to the McIntosh County Board of

Commissioners on 9/20/2021 that other campgrounds had only received the same or equal treatment after the inequity was disclosed by County staff. A transcript of the meeting was prepared by a certified court reporter and will be filed upon receipt from that court reporter;

## The Whistle Blower Issue

6.  The information provided by Ms. Cindy Button resulted in her termination from employment after the six-month probationary period provided for in the McIntosh County Personnel Policy. As such, she is entitled to a hearing under the terms of the policy. She was denied that hearing. Additionally, she was allegedly injured at the worksite, indicating that she fell on the way out of the office building. She indicated that staff told her that the county was not responsible for her medical injuries, and failed to instruct her about the provisions of the Georgia Workers Compensation statutes. The County has now received an ante litem notice from her attorney indicating a claim will be made and indicating numerous grounds thereof. A copy of the ante litem notice is attached hereto and labeled "Exhibit D;"

## The Actions of the County

7.  The Board of Commissioners and staff are not operating under the assumption that they, in any way, supervise or instruct county appraisal staff. The County Manager (J. Patrick Zoucks) and the County Attorney made that clear at the 9/20/21 meeting. Staff was simply trying to notify the Board of Assessors of the issues as they had been reported to them. The County Manager details his attempts to inform the Board of Assessors in his affidavit attached hereto and labeled "Exhibit E." The Board of Assessors repeatedly ignored or ridiculed staff as they attempted to notify the Board of the behaviors. In a telephone call on 9/1/21, Board of Assessors Vice Chairman Crews told the County Manager that his

actions were racially motivated, as indicated in Paragraph 13 of the County Manager's Affidavit. At a meeting of the Board of Assessors on 9/20/21, Vice Chairman Crews repeatedly asked "Is this all you got?" as the remainder of the board sat silently.

8. The McIntosh County Board of Commissioners met in a joint meeting with the McIntosh County Board of Assessors on 9/28/21, heard evidence, including the affidavits of former employees Button and Williams, and passed the "Scheduling and Notice Resolution," addressing the various issues and setting this matter in motion. A copy of the resolution is attached hereto and labeled "Exhibit F."

## The Actions of the Board of Assessors

9. As indicated in Paragraph 18 of the County Manager's Affidavit (Exhibit D), the Board of Assessors finally agreed to consider the matter by hiring an "outside" attorney to investigate the matter only after the confrontive meeting on 9/20/2021 between the Board of Assessors and staff. The "outside" attorney and his firm, that the Board of Assessors had included in their 2021 Budget Proposal to the Board of Commissioners, quickly determined that no irregularities or inappropriate actions had occurred. After the Board of Commissioners had passed the "Scheduling and Notice Resolution," ("Exhibit F"), the counsel for the Board of Assessors made it clear that he would not participate in depositions or the further gathering of evidence unless this action was filed in the Superior Courts;

## Conclusion

As stated at the beginning of this petition, the McIntosh County Board of Commissioners brings this action for "recommendations" concerning possible removal of the McIntosh County Board of Assessors from office. The nature of the allegations against the Board of Assessors, including affirming taxpayer retribution for simply inquiring about an assessment has made this

action necessary. No taxpayer should be subjected to such treatment, regardless of his or her questions concerning an assessment. Striking out against an employee for disclosing the information is further indication of the need for judicial recommendation as to the disposition of the board. The treatment of the "whistleblower" employee only serves to indicate the environment at the Board of Assessors' office.

The McIntosh County Board of Commissioners respectfully submits this matter to the Court for recommendation. It is anticipated that a hearing will be held, with witnesses testifying at that hearing and being available to answer any questions from the Court.

Respectfully submitted,

Adam S. Poppell, III
Attorney for McIntosh County Board of
    Commissioners
Georgia Bar No. 584540

P. O. Box 2332
Darien, Georgia   31305
(912) 437-2181 and (912) 223-4470
E-mail:  apoppell@darientel.net

List of Exhibits

Exhibit A            Affidavit of Cindy Button

Exhibit B            Affidavit of Melissa Anne Williams

Exhibit C            qPublic Page re: James H. Manning, Tract 0040 0001

Exhibit D            Ante Litem Notice

Exhibit E            Affidavit of J. Patrick Zoucks

Exhibit F            Scheduling and Notice Resolution

EXHIBIT A

STATE OF GEORGIA

COUNTY OF MCINTOSH

### AFFIDAVIT OF CINDY BUTTON

PERSONALLY APPEARED before the undersigned one CINDY F. BUTTON, former county employee, who after being duly sworn, stated the following:

1. I am CINDY F. BUTTON, a former employee of the McIntosh County Board of Tax Assessors, and my home address is 655 Retreat Road, Riceboro, Georgia, 31323;

2. I started work at the McIntosh County Board of Tax Assessors on February 1, 2021. At that time I noticed a marked difference in the behaviors of co-employee Melissa Williams. Her demeanor was different. Chief Appraiser Keith Payne and Shirley White insisted that I write a statement regarding Ms. Williams. Their intentions against Ms. Williams were clear from the very start. They were amassing evidence with which to fire Ms. Williams. Likewise, their behaviors towards Judy Lohman was obvious. They were amassing evidence. Ms. Williams and Ms. Lohman left the same day, June 4, 2021. Neither were fired, they resigned. But the intent of both Mr. Payne and Ms. White was obvious;

3. At a later date (around May, 2021), Mr. Payne discovered that I lived next to Patrick Zoucks, the County Manager. He asked me: "You don't need this job. Why are you're here?" Implying that I was rich because I lived next to the County Manager. Ms. Lisa West, a co-worker, heard his statement and later asked me: "Why would he say that?"

In my opinion Ms. West is scared for her own job and would never challenge Mr. Payne and Ms. White about anything dealing with the administration of the office.

4. On May 13, 2021, Danny Hawthorne (a co-worker) went to Jones on appraisal work. He picked up a toy at the property he was appraising and left it on Mr. Payne's desk. We all told him not to do it, but he thought it was like a joke. Ms. White insisted that Danny tell Mr. Payne about it. And he did. Shawna West (another co-worker) and I were asked to prepare statements concerning the toy, but no other employees were asked. All of them knew what had happened. None of the others were asked to prepare a statement. Immediately following this event, Mr. Payne asked me if Danny Hawthorne was sexually harassing me. I said no, and would never suggest that he was. Danny was always very polite to me. In fact, it was Mr. Payne that made a joke about the misspelling of my name to a random delivery guy. It was obvious to me that he wanted me to say that Danny was harassing me by calling me "Candy," a name that was printed on the telephone number guide that Ms. Doll Gale had prepared. From this point on it was obvious that Mr. Payne was treating me differently, and I became concerned.

5. In July, 2021, I fell in the doorway of the office and hurt my ankle. When I was going out the door, at the end of the day, I fell out the door, almost into traffic (the door opens towards U. S. Highway 17). Mr. Payne came out, and noted that I had already clocked out, and said that I would be expected at work the next day, and that it had happened "off the clock" so it wasn't covered under workers compensation. He didn't even help me up. I went to the doctor the next day because my ankle was swollen. I was required

to wear a boot for quite some time (I'm still wearing a smaller apparatus to protect my ankle);

6.  Around the beginning of August, Danny Hawthorne spoke to a customer (taxpayer) who had tested positive. Mr. Payne and Ms. White required that Danny remain at work and quarantine in the county car. It had to be awful to be stuck in that car for at least two days. It could have been longer;

7.  On August 12, 2021, Mr. Payne conducted an evaluation of my employment. I had no idea that it was going to occur, but I said okay, let's evaluate me. Ms. Lisa West was instructed to review it with me. Ms. West and Ms. Shirley White met with me in Mr. Payne's office. Ms. West was hesitant to be involved, but Ms. White was persistent, indicating that I was performing poorly in some areas. When I asked why some of my scores were low, Mr. Payne indicated that the County Commission expected low scores. He further disowned the marks on the evaluation, placing the responsibility on Ms. White and Ms. West (Lisa).

8.  Later that day, August 12, 2001, at approximately 6 p.m., I went to Mr. Patrick Zouck's personal residence in Riceboro, Georgia. I was very concerned about the way Mr. Payne and Ms. White were talking to me. I told Mr. Zoucks about what was going on, and I told him that I thought they (Mr. Payne and Ms. White) were working to fire me. I told Mr. Zoucks everything I knew at that point.

9.  Later in August, Mr. Payne and Ms. West (Lisa) discussed my evaluation further. Ms. West disowned the marks, indicating that Ms. White must have been responsible for the "low grades."

10. I was told that my employment ended with the McIntosh County Board of Tax Assessors on August 30, 2021 in a telephone call from Ms. Lisa West of that office. Prior to that, earlier that day, I was on the phone with my 7 year old son who was trying to get on the computer to do his school work (during a COVID school closure). Mr. Payne didn't like the fact that I was on the phone with my son and he suspended me for the day. Later Ms. West called and told me I was fired. The only written notice I have received is a Department of Labor Separation Notice provided by McIntosh County. I filed an appeal with the McIntosh County Board of Commissioners, in accordance with the County's Personnel Policy. I've heard nothing from that notice. As I understand the issue, my six-month probationary period had ended prior to my termination;

11. During my tenure at the McIntosh County Board of Tax Assessors Office I personally witnessed events which I consider to be disturbing and abusive. While I was among those that I consider victims of this behavior, I was not the only victim. There were several employees that I consider victims, among them Ms. Melissa Williams and Ms. Judy Lohman. I had heard that about Ms. Karen Saunds and the way she had been treated, but she was not there during my employment. The staff was instructed by Mr. Payne and Ms. White to hold all calls from Ms. Saunds and to never pass the calls through. I am concerned about Ms. Shawna West, Ms. Lisa West and Ms. Vicki Norman, as I believe that they are both still working at the office and its not a good place to work.

FURTHER AFFIANT SAYETH NOT.

CINDY F. BUTTON
Affiant

Sworn and subscribed before me this
22 day of September, 2021.

Notary Public
My Commission Expires: 4/25/23

EXHIBIT B

Document Prepared by:

Adam S. Poppell, III
Attorney for McIntosh County
Georgia Bar No. 584540

P. O. Box 2332
Darien, Georgia 31305
(912) 223-4470

STATE OF GEORGIA

COUNTY OF MCINTOSH

AFFIDAVIT OF MELISSA ANNE WILLIAMS PERTAINING TO WORKING CONDITIONS
AT THE OFFICE OF THE MCINTOSH COUNTY BOARD OF TAX ASSESSORS

PERSONALLY APPEARED before the undersigned one MELISSA ANNE WILLIAMS,

who after being duly sworn, stated the following:

1. I am MELISSA ANNE WILLIAMS, and my home address is 2851 Cox Road SW,

   Townsend, Georgia, 31331;

2. That I am a former employee of the McIntosh County Board of Tax Assessors. Further,

   that I left that employment on June , 20 21 ;

3. That during the term of my employment I experienced what I consider difficult working

   conditions, with the supervisors, including Chief Appraiser Keith Payne, making

   conditions difficult by creating conflict between various employees, and instructing

   employees to avoid speaking with each other;

4. That on one occasion I observed what I consider to be blatant disregard of uniformity

   against a taxpayer. The Taxpayer, James H. Manning, the owner of Parcel Number

0040 0001 inquired about the ownership of certain items listed on the digest. As a result, the Chief Appraiser Keith Payne instructed staff to review the assessed property. The values that he instructed staff to add had never been affixed to campgrounds before. When I confronted him with that fact, he replied "we do now;" I addressed the issue that no other campground in McIntosh County had this valuation and it needed to be changed or corrected on multiple occasions.

5. I left the McIntosh County Board of Tax Assessors employ under what I consider good circumstances, as I had found what I consider significantly less stressful employment; and,

6. That based on the behaviors I observed while working at the McIntosh County Board of Assessors Office, I am concerned that I too may become the victim of retaliation because of my statements contained herein.

FURTHER AFFIANT SAYETH NOT.

MELISSA ANNE WILLIAMS
Affiant

Sworn and subscribed before me this
___ day of September, 2021.

Notary Public
My Commission Expires: 4/25/23

EXHIBIT C

**qPublic.net**™  McIntosh County, GA

## Homestead Application

Apply for Homestead Application

## Summary

| | |
|---|---|
| Parcel Number | 0040 0001 |
| Location Address | COX RD |
| Legal Description | 6.01 ACS PARCEL D & E N/S HWY 251 |
| | (Note: Not to be used on legal documents) |
| Class | C4-Commercial |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Tax District | COUNTY (District 01) |
| Millage Rate | 26.574 |
| Acres | 6.01 |
| Homestead Exemption | No ($0) |
| Landlot/District | N/A |

View Map



## Owner

MANNING JAMES H
1334 COX ROAD SW
TOWNSEND, GA 31331

## Land

| Type | Description | Calculation Method | Square Footage | Frontage | Depth | Acres | Lots |
|---|---|---|---|---|---|---|---|
| Commercial | Comm-County | Acres | 261,796 | 0 | 0 | 6.01 | 0 |

## Commercial Improvement Information

| | |
|---|---|
| Description | Relocatable Offices-Avg |
| Value | $27,800 |
| Actual Year Built | 2015 |
| Effective Year Built | |
| Square Feet | 384 |
| Wall Height | 8 |
| Wall Frames | |
| Exterior Wall | |
| Roof Cover | |
| Interior Walls | |
| Floor Construction | |
| Floor Finish | |
| Ceiling Finish | |
| Lighting | |
| Heating | |
| Number of Buildings | 1 |

## Accessory Information

| Description | Year Built | Dimensions/Units | Identical Units | Value |
|---|---|---|---|---|
| X-Commercial site Imp Ave | 2019 | 0x0 / 0 | 1 | $5,000 |
| Barn: W/Loft | 2018 | 30x50 / 0 | 0 | $24,800 |
| Storage Building | 2017 | 12x28 / 0 | 0 | $3,500 |
| Storage Building | 2012 | 12x10 / 0 | 0 | $1,000 |
| Pavillion | 2012 | 24x24 / 0 | 0 | $7,100 |
| X-RV Site | 2006 | 0x0 / 1 | 22 | $55,000 |

## Sales

| Sale Date | Deed Book / Page | Plat Book / Page | Sale Price | Reason | Grantor | Grantee |
|---|---|---|---|---|---|---|
| 10/30/2018 | 640 374 | 2017 SL76 | $298,000 | Fair Market Value | BROWN WILLIAM B | MANNING JAMES H |
| 5/2/2006 | 432 271 | PC1 259E | $100,000 | Land Market Sale | WOOLLEY HARRY L JR & | BROWN WILLIAM B |
| 3/4/2002 | 307 309 | PC1 174D | $200,000 | Timber included in saleprice | STRICKLAND RAYMOND L | WOOLLEY HARRY L JR & |
| 8/10/2001 | 294 233 | | $0 | Gift | STRICKLAND RAYMOND | STRICKLAND RAYMOND L |
| 4/26/2000 | 270 87 | | $0 | Deed of Assent | STRICKLAND C MARY | STRICKLAND RAYMOND |

## Valuation

|  | 2021 | 2020 | 2019 | 2018 |
|---|---|---|---|---|
| Previous Value | $202,700 | $66,680 | $66,680 | $119,890 |
| Land Value | $104,500 | $104,500 | $25,200 | $25,200 |
| + Improvement Value | $27,800 | $21,600 | $0 | $0 |
| + Accessory Value | $96,400 | $76,600 | $41,480 | $41,480 |
| = Current Value | $228,700 | $202,700 | $66,680 | $66,680 |

## Assessment Notice

2021 Assessment Notice (PDF)

## Photos









**No data available for the following modules:** Rural Land, Conservation Use Rural Land, Residential Improvement Information, Mobile Homes, Prebill Mobile Homes, Permits, Sketches.

The McIntosh County Assessor makes every effort to produce the most accurate information possible. No warranties, expressed or implied are provided for the data herein, its use or interpretation. The assessment information is from the last certified tax roll. All other data is subject to change.

User Privacy Policy
GDPR Privacy Notice

Last Data Upload: 10/29/2021, 7:48:33 AM

Developed by
Schneider
GEOSPATIAL

Version 2.3.157

EXHIBIT D

REPLY TO:
P.O. Box 1297
Richmond Hill, Georgia  31324

# BALBO & GREGG
## ATTORNEYS-AT-LAW
### A PROFESSIONAL CORPORATION
www.balbogregg.com

A.J. Balbo, Esq.
Chester J. Gregg, Esq.
M. Nichole Davis, Esq.
Elizabeth Carlisle Beasley, Esq.

October 11, 2021

*Delivered via Certified Mail*

Adam Poppel, County Attorney
111 Broad Street
PO Box 2332
Darien, GA 31305
apoppell@darientel.net

Re:     Ante Litem Notice

Dear Mr. Poppell and Chairmen:

Please take note that this letter serves as the *Ante Litem Notice* for Ms. Cindy Button, former employee, in her claim against McIntosh County. Ms. Button claims the County owed a duty to her (and its citizens), but breached that duty when its leadership was engaged in wasteful, retaliatory, defamatory, and abusive conduct, of which Ms. Button complained, and that breach resulted in harm to Ms. Button (and others). This breach and the unlawful behavior of the leadership at the Board of Tax Assessors caused the damages incurred by Ms. Button. Ms. Button was harassed and endured a hostile work environment from February of 2021 to August 30, 2021. The acts, initiated and perpetuated by Keith Payne and Shirley White, ended with Ms. Button's termination and defamatory statements being made against Ms. Button. This adverse employment action and the false statements made against her have damaged her good reputation and resulted in financial loss assessed at a minimum of $250,000.

The facts related to Ms. Button's adverse employment action also meet the requirements to establish a claim under the Georgia Whistleblower Protection Act. O.C.G.A. section 45-1-4.  For the purposes of the Act, Ms. Button was a public employee who engaged in protected activity of which Mr. Payne and other leaders within the Board of Tax Assessors were aware, and after several months of witnessing and reporting the abusive, wasteful behaviors of Mr. Payne and Ms. White, her employment was promptly and unlawfully terminated. Ms. Button is demanding reinstatement, backpay, compensatory and other damages and attorney fees because of this violation and subsequent injury.

Should you care to discuss this matter, please direct all correspondence to me.

Sincerely,

Elizabeth Carlisle Beasley, Esq.

Cc:    Tom Gore, Chairman
       McIntosh County Board of
       Tax Assessors
       601 North Way
       Darien, GA 31305

David Stevens, Chairman
McIntosh County Board of Commissioners
1200 North Way
P.O. Box 584
Darien, Georgia 31305

**Richmond Hill**
11258 Ford Avenue, Suite 11
Richmond Hill, Georgia  31324
912.459.1776 (t)
912.459.1777 (f)

**Hinesville**
410-A General Screven Way
Hinesville, Georgia  31313
912.876.6666 (t)
912.544.0298 (f)

Page 21 of 33 PLAINTIFF'S EXHIBIT "Ex D"

EXHIBIT E

Document Prepared by:

Adam S. Poppell, III
Attorney for McIntosh County
Georgia Bar No. 584540

P. O. Box 2332
Darien, Georgia   31305
(912) 223-4470

STATE OF GEORGIA

COUNTY OF MCINTOSH

### AFFIDAVIT OF J. PATRICK ZOUCKS

PERSONALLY APPEARED before the undersigned one J. PATRICK ZOUCKS, who after being duly sworn, stated the following:

1. I am J. PATRICK ZOUCKS, and my home address is 486 Retreat Road, Riceboro, Georgia, 31323;

2. That I am the current County Manager of McIntosh County, having assumed those duties in 2016;

3. That regardless of who they were or who their supervisors were, I have always been willing to discuss personnel issues with the employees of McIntosh County, and the employees understand this;

4. That on or about August 12, 2021, after regular work hours (at approximately 6:00 p.m.) I was at my resident in Riceboro, Georgia when Ms. Cindy Button, a Tax

Assessors' Board employee, appeared at my residence and asked to speak with me regarding her employment at the McIntosh County Board of Assessors Office;

5. Ms. Button stated that

    a.   she felt that she was being mistreated in the office;

    b.   that she had worked at the office for a little over 6 months at the time, but had seen several employees leave under questionable circumstances, and felt that she would be fired soon;

    c.   she told me of a situation where she was asked to prepare a statement against Mr. Danny Hawthorne, a co-worker, for what was considered improper behavior (he had apparently picked up a toy voodoo head from a residence in Jones). Ms. Button wrote the statement as instructed, although most employees who knew about the issue were not asked to write a statement;

    d.   Ms. Button also indicated that Mr. Keith Payne, the Chief Appraiser in the office, suggested that Mr. Hawthorne was sexually harassing her by calling her "Candy." Mr. Payne knew the reason that some called her "Candy" and it had to do with a misspelling on a roster.  Mr. Payne seemed to be suggesting that he needed a statement concerning that issue as well.  Ms. Button told him that there was no such behavior, and that Mr. Hawthorne always treated her with respect.  From this point on, Ms. Button said Mr. Payne treated her differently, and she became concerned;

    e.   Ms. Button also indicated that she had recently fallen at the office (July 2021) while leaving work.  Mr. Payne told her that she was off the clock and that she would not be eligible for workers compensation.  She injured her ankle and Mr.

Payne would not help her up. She went to her doctor and was required to wear a "boot" for some time, and the absence due to a doctor's appointment was used against her (as a reason for termination) as indicated by Ms. Shirley White at a meeting of the McIntosh County Board of Tax Assessors on Monday, September 20, 2021;

f.   Ms. Button also told me of other employees who appeared to be mistreated, including Ms. Melissa Williams and Ms. Judy Lowman.  She also mentioned a former employee who she had heard about, a Ms. Karen Saunds, who had experienced issues before Ms. Button started working at the office;

g.   Ms. Button told me that she felt that Mr. Payne would fire her for talking to me. I told her not to worry about that.  In fact, Mr. Payne first suspended her, and then terminated Ms. Button on August 30, 2021, for reportedly talking to her 7 year old son on the phone who was at home, trying to log-on to a computer in a Covid/virtual school setting.  Ms. Button attempted to appeal the termination, but was ignored (she delivered a written notice of appeal, but it was disregarded).  It is key here to understand that the Board of Assessors have submitted all of their employees to the McIntosh County Personnel Policy for at least the last ten years.  Each Board of Assessors employee is required to sign a receipt for a copy of the policy upon their employment;

6.   The County Attorney called each of the other former employees listed by Ms. Button and I listened in.  Ms. Melissa Williams was initially hesitant to speak, but did indicate that she considered the office a hostile work environment, and that she had taken a better job.  She also indicated that she witnessed staff violating what she considered

the "uniformity" requirement by adding additional value to one tract, while not adding the same type of value to other similar tracts (campgrounds) after the taxpayer simply questioned their assessments. She later signed an affidavit indicating the same;

7. The County Attorney and I also spoke with former employee Ms. Judy Lohman. She indicated that she was not interested in being involved, but that she clearly thought of the office as a hostile work environment;

8. I also spoke with former employee Ms. Karen Saunds, who currently works at the Coastal Regional Commission. She has not decided to issue a statement, but clearly indicated that she considered the office a hostile work environment;

9. On 8/19/2021 the County Attorney sent, on my behalf, correspondence to Mr. Tom Gore, Chairman of the McIntosh County Board of Tax Assessors. The correspondence outlined the information listed above and urged the Board of Assessors to investigate the matter. No response was received;

10. On 8/30/2021, I called Mr. Tom Gore, Chairman of the McIntosh County Board of Tax Assessors, and he advised me that he did not receive the correspondence. The correspondence was sent again, immediately by email;

11. On 8/30/2021, I was advised that Ms. Button has been suspended, and then terminated on the same day by her supervisor Ms. Lisa West;

12. On 9/1/2021 the Board of Tax Assessors met at 8:00 a.m. They reportedly discussed the allegations in my correspondence to Mr. Gore;

13. Later on 9/1/2021, I attempted to call Board of Assessors' Chairman Gore, but he was not available. I left a message. I then called the Vice-Chair Mr. Crews. Mr. Crews advised that he stood 100% behind his staff and that he thought the behaviors described

in the correspondence was nothing more than disgruntled employees complaining about "nothing." He also told me that he thought my actions were racially motivated;

14. Later on 9/1/2021, I received a call from Chairman Gore, and he indicated that I would be receiving correspondence from the Board of Assessors;

15. On 9/15/2021, I sent a memo setting a call meeting for September 28, 2021. The meeting would be considered a joint meeting of both boards;

16. On 9/16/2021 I received a call from Chairman Tom Gore. Mr. Gore agreed to allow me and the County Attorney to attend a meeting of the Board of Assessors scheduled for Monday, September 20,2021;

17. On 9/20/2021, at 8:00 a.m. the County Attorney and I met in what we thought was a properly noticed meeting. It appeared to be an open meeting as well, although there was not public present. The Board had asked Chief Appraiser Payne to remain outside during the meeting.  Appraiser Shirley White answered questions from the Board of Assessors. When asked about the above-referenced uniformity issue, she admitted that the specific taxpayer (Manning) was the only taxpayer with a specific category "X-RV Site" with a charge of $2,500.00 per RV site. The Board, as well as the Chairman, sat quietly as Vice Chairman Crews repeatedly attacked my motives, asking repeatedly "is this all you got?" Before the meeting I texted the Kathleen Russell, Editor of the Darien News and asked her if she had been notified of the call meeting of the Board of Assessors.  During the meeting I received a text from Ms. Russell.  She indicated that she had received no such notice. The County Attorney and I left the meeting soon thereafter;

18. Later on 9/20/2021, the County Attorney called Chairman Gore for an update.  Mr. Gore indicated that they were hiring an outside attorney to investigate the allegations. He indicated that he didn't know the attorney's name, but that he would begin work immediately;

19. The attorney's identity was disclosed in the Darien News on September 22, 2021, and the County Attorney called him (Mr. Charles Dorminy). Mr. Dorminy made an open records request, and was given unprecedented access to the county files, including attorney work product in an effort to cooperate with the investigation;

20. On 9/28/2021, at the joint meeting of the McIntosh County Board of Commissioners and the Board of Tax Assessors, Attorney Dorminy indicated that he had completed his investigation (without talking to the alleged victim of the uniformity issue) and indicated he found nothing wrong with the actions of the McIntosh County Board of Tax Assessors;

21. The Board of Commissioners, at the same meeting, considered and passed a "Scheduling and Notice Resolution" putting the Board of Tax Assessors on notice of the County's intent to move forward with an action that could result in their removal from office. The County Attorney advised that he would be taking various depositions prior to noticing the Superior Court, in accordance with O.C.G.A. Section 48-5-295(c).

22. The McIntosh County Board of Tax Assessors have, according to the County Attorney, refused to participate in the taking of statements prior to notifying the Superior Court of the pending actions; and,

23. I fully understand that my office does not supervise the office of the McIntosh County Board of Tax Assessors or any of their employees. My actions were simply intended to

notify the Board of what I considered information worth investigating. I found the meeting held on 9/20/2021 to be very concerning. The behaviors, particularly of Vice Chairman Crews, was insulting, and the fact that he was unwilling to even consider the issue, I found disturbing. I felt that I had no choice but to report the issue to the Board of Commissioners.

FURTHER AFFIANT SAYETH NOT.

J. PATRICK ZOUCKS
Affiant

Sworn and subscribed before me this
28th day of October, 2021.

Notary Public
My Commission Expires:

EXHIBIT F

21

David Stevens, Chairman
Kate Karwacki, Vice-Chairman
Roger Lotson, Commissioner
William Harrell, Commissioner
Kelly McClellan, Commissioner

John "Patrick" Zoucks, County Manager
Adam S. Poppell, III, County Attorney
Shawn Jordan, Deputy County Manager
Sherrell D. Davis, County Clerk



### McIntosh County Board of Commissioners
P.O. Box 584 • 1200 North Way • Darien, Georgia 31305 • 912-437-6671 • FAX 912-437-6416

STATE OF GEORGIA

COUNTY OF MCINTOSH                    RESOLUTION 2021-15

### A RESOLUTION CONCERNING SCHEDULING AND NOTICE REGARDING THE MCINTOSH COUNTY BOARD OF TAX ASSESSORS

WHEREAS, the McIntosh County Board of Commissioners are the county governing authority that appoints the Board of Tax Assessors, in accordance with O.C.G.A. Section 48-5-295(a). Likewise, the Board of Commissioners is also the county governing authority with the power to remove from office the said Board of Tax Assessors, in accordance with O.C.G.A. Section 48-5-295(b);

WHEREAS, allegations against the Board of Assessors have been made, including acts which may be determined to have resulted in substantially incorrect assessments or substantially inconsistent tax assessments between similar properties.  The allegations are specified in the attached memo, labeled "Exhibit A;"

THEREFORE, the McIntosh County Board of Commissioners hereby adopts the following schedule for process to occur regarding said allegations:

### Section 1.

The County Attorney is instructed to complete depositions of the various witnesses, with the opportunity to cross examine given to counsel for the Board of Tax Assessors, or their counsel. This discovery process shall be completed on or before October 30, 2021.  At a minimum the depositions of Cindy F. Button and Melissa Williams shall be taken and preserved.  The County

"Ex F"

Attorney will cooperate with counsel for the McIntosh County Board of Tax Assessors in the scheduling of same;

Section 2.

Upon the completion of said discovery, the County Attorney shall take all measures necessary to present the same to the McIntosh County Superior Court for the purposes outlined in O.C.G.A. Section 48-5-295(b), including but not limited to receiving recommendations from the court regarding the removal of the McIntosh County Board of Tax Assessors;

Section 3.

Notice shall be provided to the McIntosh County Board of Tax Assessors, by service of process, performed in accordance with the Civil Practice Act, by the McIntosh County Sheriff's Department. Nothing contained herein shall prevent the members of the McIntosh County Board of Tax Assessors from acknowledging service in writing.

Section 4.

All resolutions or parts of resolutions, in conflict herewith, are repealed.

MCINTOSH COUNTY

David Stevens, Chairman
McIntosh County Board of Commissioners

Attest:
Clerk

State of Georgia

County of McIntosh

VERIFICATION

    I hereby verify that the information contained within the foregoing petition is true and correct, to the best of my knowledge and belief.

J. Patrick Zoucks
County Manager

Sworn and subscribed before me this
___ day of October, 2021.

Notary Public
My Commission Expires: